# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **SEACHANGE PROJECTS LLC,** | : | CIVIL ACTION |
| | : | |
| Plaintiff, | : | NO. 1:14-cv-01186-GMS |
| | : | |
| v. | : | |
| | : | |
| **UNITED STATES OF AMERICA,** | : | |
| | : | |
| Defendant. | : | |

## AMENDED ANSWER OF PLAINTIFF SEACHANGE PROJECTS LLC TO COUNTERCLAIM OF UNITED STATES OF AMERICA, WITH <u>AFFIRMATIVE DEFENSES</u>

Plaintiff, SeaChange Projects LLC ("SeaChange"), through its undersigned counsel, hereby answers the counterclaim (the "Counterclaim") asserted by Defendant, United States of America ("Defendant" or "USA") and asserts affirmative defenses as follows:

## <u>PARTIES</u>[1]

1. Admitted.

2. The allegations contained in paragraph 2 of the Counterclaim are admitted in part and denied in part. SeaChange denies it is "a corporation". SeaChange avers that it is a limited liability company registered under the laws of the State of Delaware, with its principal place of business located in Miami, Florida. SeaChange further admits that at all material times it was, and remains, a limited liability company engaged in business of providing ocean transportation and related marine services.

---

[1] The headings set forth herein are merely reciting those set forth in USA's Counterclaim and are included in this Answer only for the convenience of the Court; thus, the headings shall not be misconstrued to be considered an admission of any liability or wrongdoing by SeaChange.

3. SeaChange denies the allegations set forth in paragraph 3 of the Counterclaim as stated. SeaChange did not become the legal owner of the MV CAPT DAVID I LYON until delivery was effected under the sale and purchase contract on June 26, 2014. Prior to that date, the MV CAPT DAVID I LYON (ex M/V POSITANO) was owned by the Plantation Key Pte Ltd., a company incorporated under the laws of Singapore.

## JURISDICTION AND VENUE

4. The allegations set forth in paragraph 4 of the Counterclaim are legal conclusions to which no response is required. To the extent a response is required, SeaChange denies the allegations contained in paragraph 4 of the Counterclaim.

5. The allegations set forth in paragraph 5 of the Counterclaim are legal conclusions to which no response is required. To the extent a response is required, SeaChange denies the allegations contained in paragraph 5 of the Counterclaim.

6. The allegations set forth in paragraph 6 of the Counterclaim are legal conclusions to which no response is required. To the extent a response is required, SeaChange denies the allegations contained in paragraph 6 of the Counterclaim.

## FACTS

7. The document referenced in paragraph 7 of the Counterclaim is a legal document that speaks for itself and all characterizations thereof in the Counterclaim are denied.

8. The document referenced in paragraph 8 of the Counterclaim is a legal document that speaks for itself and all characterizations thereof in the Counterclaim are denied. By way of further response, the United States Military Sealift Command ("MSC") was required to timely submit a "sponsorship letter" to DSS, and DSS was required to timely process SeaChange's

facility clearance application, in order for SeaChange to obtain the facility clearance required for SeaChange to perform the Contract.

9. The document referenced in paragraph 9 of the Counterclaim is a legal document that speaks for itself and all characterizations thereof in the Counterclaim are denied.

10. The document referenced in paragraph 10 of the Counterclaim is a legal document that speaks for itself and all characterizations thereof in the Counterclaim are denied.

11. The document referenced in paragraph 11 of the Counterclaim is a legal document that speaks for itself and all characterizations thereof in the Counterclaim are denied.

12. The document referenced in paragraph 12 of the Counterclaim is a legal document that speaks for itself and all characterizations thereof in the Counterclaim are denied.

13. The allegations set forth in paragraph 13 of the Counterclaim are legal conclusions to which no response is required.  To the extent a response is required, SeaChange denies the allegations contained in paragraph 13 of the Counterclaim.

14. The allegations set forth in paragraph 14 of the Counterclaim are legal conclusions to which no response is required.  To the extent a response is required, SeaChange denies the allegations contained in paragraph 14 of the Counterclaim.

15. The document referenced in paragraph 15 of the Counterclaim is a legal document that speaks for itself and all characterizations thereof in the Counterclaim are denied.

16. The document referenced in paragraph 16 of the Counterclaim is a legal document that speaks for itself and all characterizations thereof in the Counterclaim are denied.

17. The documents referenced in paragraph 17 of the Counterclaim are legal documents that speak for themselves and all characterizations thereof in the Counterclaim are denied.

18. The allegations contained in paragraph 18 of the Counterclaim are admitted in part and

denied in part. SeaChange admits that MSC issued a letter dated April 8, 2014. The letter speaks for itself and all characterizations thereof in the Counterclaim are denied. To the extent further response is required, SeaChange denies the allegations contained in paragraph 18 of the Counterclaim.

19. The allegations contained in paragraph 19 of the Counterclaim are denied as stated. SeaChange admits that MSC employee Gary Davis advised in an email dated April 16, 2014, that "…if you've never done this before it might be very prudent for [SeaChange] to bring onboard someone that is familiar with the requirements and has gone through the process." SeaChange further avers that its agent, Mr. Tom Gallagher, responded to Mr. Davis on April 16, 2014 to advise that SeaChange had been "working with Tote's security person who is an expert on this, and will guide us through the process." SeaChange also admits that on May 19, 2014, MSC's COMSC Security Manager, Anthony Clark, advised SeaChange that there were foreign ownership, control or influence (FOCI) concerns with respect to SeaChange's FCL application that "might take more time to mitigate." SeaChange further avers that MSC knew on May 7, 2014, based on communications with DSS on that same date, that the time required for DSS to process SeaChange's FCL application would likely extend until July or August 2014, but that MSC never communicated its knowledge concerning the duration of the anticipated delay to SeaChange. To the extent further response is required, SeaChange denies the allegations contained in paragraph 19 of the Counterclaim.

20. The allegations contained in paragraph 20 of the Counterclaim are admitted in part and denied in part. SeaChange admits Tom Gallagher informed MSC that SeaChange was working with Tote Services, Inc. regarding the FCL process. To the extent further response is required, SeaChange denies the allegations contained in paragraph 20 of the Counterclaim.

21. SeaChange denies the allegations set forth in paragraph 21 of the Counterclaim. By way of further response, SeaChange avers that the United States Coast Guard issued a Certificate of Inspection, confirming that the Vessel was in compliance with all applicable United States Coast Guard requirements, on July 31, 2014, and that MSC accepted the Vessel on August 8, 2014.

22. The allegations contained in paragraph 22 of the Counterclaim are admitted in part and denied in part. SeaChange admits that multiple modifications to the Contract were issued. SeaChange denies the remaining allegations contained in paragraph 22 of the Counterclaim.

23. The document referenced in paragraph 23 of the Counterclaim is a legal document that speaks for itself and all characterizations thereof in the Counterclaim are denied.

24. The document referenced in paragraph 24 of the Counterclaim is a legal document that speaks for itself and all characterizations thereof in the Counterclaim are denied.

25. SeaChange denies the allegations set forth in paragraph 25 of the Counterclaim. By way of further response, SeaChange avers that while the Vessel was en route to the Military Ocean Terminal Sunny Point (MOTSU), the Contracting Officer advised SeaChange that its inspector would not be available to inspect the Vessel until August 6, 2014, and therefore, SeaChange was authorized to "slow the vessel and arrive later[.]" SeaChange further avers that it tendered the Vessel to MSC for acceptance on August 5, 2014, and the Vessel was accepted by MSC on August 8, 2014.

26. SeaChange denies the allegations set forth in paragraph 26 of the Counterclaim. By way of further response, SeaChange avers the vessel was accepted by MSC on August 8, 2014 at the Military Ocean Terminal Sunny Point.

27. Admitted.

28. The allegations contained in paragraph 28 of the Counterclaim are denied as stated.

SeaChange avers that throughout the performance of the Contract, from April 2014 through August 2014, SeaChange consistently communicated with MSC regarding SeaChange's knowledge of DSS' processing of the security application. SeaChange further avers that MSC's Security Manager, Mr. Clark, "spoke with and emailed DSS daily, throughout the workday and was kept up to date (to the minute) on all the support and efforts made" in connection with SeaChange's application for a FCL. SeaChange denies that there was a "chronic inability to perform the Contract." SeaChange is without information or knowledge sufficient to form a belief as to the remaining allegations contained in paragraph 28 of the Counterclaim, and thus denies the same demanding specific proof thereof.

29. SeaChange is without information or knowledge sufficient to form a belief as to the allegations contained in paragraph 29 of the Counterclaim, and thus denies the same demanding specific proof thereof.

30. The document referenced in paragraph 30 of the Counterclaim is a legal document that speaks for itself and all characterizations thereof in the Counterclaim are denied.

31. SeaChange denies the allegations set forth in paragraph 31 of the Counterclaim. By way of further response, SeaChange avers that it participated in discussions with MSC from approximately August 22, 2014 through September 9, 2014 concerning methods for moving forward with the Contract. SeaChange is without information or knowledge sufficient to form a belief as to the remaining allegations contained in paragraph 31 of the Counterclaim, and thus denies the same demanding specific proof thereof.

32. The allegations contained in paragraph 32 of the Counterclaim are admitted in part and denied in part. SeaChange admits that it met with representatives of MSC, the United States Air Force, and DSS on or about September 3, 2014 to discuss the status of the FCL process.

SeaChange denies the remaining allegations in paragraph 32 of the Counterclaim.

33. The allegations contained in paragraph 33 of the Counterclaim are admitted in part and denied in part. SeaChange admits that between approximately September 3, 2014 and September 9, 2014 SeaChange, MSC, and various third-party contractors engaged in discussions regarding methods for moving forward with the Contract. SeaChange denies the remaining allegations in paragraph 33 of the Counterclaim.

34. The allegations contained in paragraph 34 of the Counterclaim are admitted in part and denied in part. SeaChange admits that on or about September 5, 2014 the United States Coast Guard sent SeaChange a letter, which speaks for itself and all characterizations thereof in the Counterclaim are denied. SeaChange avers that as of September 5, 2014, the Vessel had been delivered and accepted by MSC, and was under the control of MSC, thus any issue with regards to the Coast Guard and the cargo on board was a matter strictly between MSC and the Coast Guard. SeaChange is without information or knowledge sufficient to form a belief as to the remaining allegations contained in paragraph 34 of the Counterclaim, and thus denies the same demanding specific proof thereof.

35. The document referenced in paragraph 35 of the Counterclaim is a legal document that speaks for itself and all characterizations thereof in the Counterclaim are denied.

36. The document referenced in paragraph 36 of the Counterclaim is a legal document that speaks for itself and all characterizations thereof in the Counterclaim are denied.

37. Admitted.

38. The document referenced in paragraph 38 of the Counterclaim is a legal document that speaks for itself and all characterizations thereof in the Counterclaim are denied.

39. The document referenced in paragraph 39 of the Counterclaim is a legal document that

speaks for itself and all characterizations thereof in the Counterclaim are denied.

## COUNT I- DECLARATION THAT MSC WAS JUSTIFIED IN TERMINATING THE CONTRACT FOR DEFAULT

40. SeaChange incorporates its responses to paragraphs 1 through 39 of the Counterclaim, as if fully set forth herein.

41. The allegations set forth in paragraph 41 of the Counterclaim are legal conclusions to which no response is required. To the extent a response is required, SeaChange denies the allegations contained in paragraph 41 of the Counterclaim.

42. The allegations set forth in paragraph 42 of the Counterclaim are legal conclusions to which no response is required. To the extent a response is required, SeaChange denies the allegations contained in paragraph 42 of the Counterclaim.

43. The allegations set forth in paragraph 43 of the Counterclaim are legal conclusions to which no response is required. To the extent a response is required, SeaChange denies the allegations contained in paragraph 43 of the Counterclaim.

44. The allegations set forth in paragraph 44 of the Counterclaim are legal conclusions to which no response is required. To the extent a response is required, SeaChange denies the allegations contained in paragraph 44 of the Counterclaim.

45. The allegations set forth in paragraph 45 of the Counterclaim are legal conclusions to which no response is required. To the extent a response is required, SeaChange denies the allegations contained in paragraph 45 of the Counterclaim.

## COUNT II- BREACH OF CONTRACT

46. SeaChange incorporates its responses to paragraphs 1 through 45 of the Counterclaim, as if fully set forth herein.

47. The allegations set forth in paragraph 47 of the Counterclaim are legal conclusions to which no response is required.  To the extent a response is required, SeaChange denies the allegations contained in paragraph 47 of the Counterclaim.

48. The allegations set forth in paragraph 48 of the Counterclaim are legal conclusions to which no response is required.  To the extent a response is required, SeaChange denies the allegations contained in paragraph 48 of the Counterclaim.

49. The allegations set forth in paragraph 49 of the Counterclaim are legal conclusions to which no response is required.  To the extent a response is required, SeaChange denies the allegations contained in paragraph 49 of the Counterclaim.

50. The allegations set forth in paragraph 50 of the Counterclaim are legal conclusions to which no response is required.  To the extent a response is required, SeaChange denies the allegations contained in paragraph 50 of the Counterclaim.

51. The allegations set forth in paragraph 51 of the Counterclaim are legal conclusions to which no response is required.  To the extent a response is required, SeaChange denies the allegations contained in paragraph 51 of the Counterclaim.

**<u>DAMAGES</u>**

52. The allegations set forth in paragraph 52 of the Counterclaim are legal conclusions to which no response is required.  To the extent a response is required, SeaChange denies the allegations contained in paragraph 52 of the Counterclaim.

As to USA's prayer for relief, SeaChange denies each and every allegation set forth in this unnumbered paragraph of the Counterclaim, subparagraphs (1) through (3) inclusive, and specifically denies that USA is entitled to any relief whatsoever.

## SEACHANGE'S AFFIRMATIVE AND OTHER DEFENSES

SeaChange, in the alternative, and without prejudice to the denials and other statements made in its Answer to USA's Counterclaim, for its Affirmative and Other Defenses, states as follows:

1. USA's Counterclaim, and each and every purported cause of action contained therein, fails to state a claim upon which relief may be granted.

2. USA's Counterclaim, and each and every purported cause of action alleged therein, is barred in whole or in part because USA's damages, if any, were not caused by SeaChange or were self-inflicted.

3. USA's Counterclaim, and each and every purported cause of action contained therein, is barred in whole or in part by a failure of consideration.

4. USA's Counterclaim, and each and every purported cause of action contained therein, is barred in whole or in part by the failure of one or more conditions precedent.

5. USA's Counterclaim, and each and every purported cause of action contained therein, is barred in whole or in part because SeaChange does not owe USA the monies claimed to be owed.

6. USA's Counterclaim, and each and every purported cause of action contained therein, is barred in whole or in part by the doctrine of laches.

7. USA's Counterclaim, and each and every purported cause of action contained therein, is barred in whole or in part by the doctrine of waiver.

8. USA's Counterclaim, and each and every purported cause of action contained therein, is barred in whole or in part by the doctrine of estoppel.

9. USA's Counterclaim, and each and every purported cause of action contained therein, is

barred in whole or in part by USA's consent to the alleged acts and/or omissions that form the alleged basis for its claims.

10. USA's Counterclaim, and each and every purported cause of action contained therein, is barred in whole or in part by USA's unclean hands.

11. USA's damages, if any, are subject to set-off as a result of USA's and/or its representatives' wrongful, tortious and otherwise unlawful conduct.

12. USA's Counterclaim, and each and every purported cause of action contained therein, is barred in whole or in part because SeaChange's obligations were excused and/or prevented by the conduct of USA and/or its agents.

13. USA's Counterclaim, and each and every purported cause of action contained therein, is barred in whole or in part by USA's and/or its representatives' own material breaches of contract.

14. USA's Counterclaim, and each and every purported cause of action contained therein, is barred in whole or in part because SeaChange's actions were not the proximate cause of any damages to USA.

15. USA's Counterclaim, and each and every purported cause of action contained therein, is barred in whole or in part because USA cannot demonstrate that it has incurred any damages as a result of the conduct alleged.

16. USA's Counterclaim, and each and every purported cause of action contained therein, is barred in whole or in part by the doctrine of duress.

17. USA's Counterclaim, and each and every purported cause of action contained therein, is barred by fraud and/or the negligent acts and/or omissions of USA and/or its representatives.

18. In the event that the Court finds in favor of USA, SeaChange is entitled to a recoupment

of any damages awarded against it.

19. To the extent USA suffered any damages, which SeaChange expressly denies, then USA failed to mitigate its damages.

20. To the extent that USA seeks recovery of attorneys' fees, USA is not entitled to such recovery.

21. USA's Counterclaim, and each and every purported cause of action contained therein, is barred in whole or in part by the doctrine of impossibility of performance.

22. USA's Counterclaim, and each and every purported cause of action contained therein, is barred in whole or in part by the doctrine of frustration of purpose.

23. USA's Counterclaim, and each and every purported cause of action contained therein, is barred in whole or in part by the doctrine of mutual mistake.

24. SeaChange presently has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses available.  SeaChange reserves herein the right to assert additional defenses in the event that discovery indicates they would be appropriate.

WHEREFORE, having fully answered and responded to the allegations of the Counterclaim, SeaChange respectfully requests that:

(1)     USA's Counterclaim be dismissed with prejudice in its entirety;

(2)     Each and every prayer of the  Counterclaim and Prayer for Relief be denied;

(3)     Judgment be entered against USA and for SeaChange; and

(4)     SeaChange be awarded its costs, including reasonable attorneys' fees and

expenses in the amount and manner permitted by applicable law.


Dated:  June 15, 2015                              **BLANK ROME LLP**


                        BY:     <u>/s/Adam V. Orlacchio</u>
                               ADAM V. ORLACCHIO (I.D. 5520)
                               JEFFREY S. MOLLER (*Pro Hac Vice*)
                               BRIAN S. GOCIAL (*Pro Hac Vice*)
                               1201 N. Market Street, Suite 800
                               Wilmington, DE 19801
                               Phone:  (302) 425-6431
                               Fax:  (302) 428-5113
                               Email:  Orlacchio@blankrome.com
                               *Counsel for Plaintiff SeaChange Projects LLC*